## TWYMAN, Appellant, v. TWYMAN, Respondent.

1. After a husband or wife has been wronged in such a manner as would warrant a divorce, if he or she voluntarily cohabits with the other party, it is a condonation of the offence.
2. The admissions of a party to a proceeding for divorce are evidence against him, but alone they are not sufficient to warrant a decree; they must be supported by other evidence.

*Appeal from Monroe Circuit Court.*

*Howell,* for appellant.

SCOTT, Judge, delivered the opinion of the court.

The evidence in this case is not sufficient to warrant a divorce. The specific acts of misconduct alleged in the petition, no doubt, if recent and supported by the necessary evidence, would, under our law, warrant a decree separating a wife from her husband. The main charges of cruelty alleged in the petition occurred some years before the institution of this suit, and there seems to have been a long cessation of injurious conduct on the part of the husband. In the language of those who write on the subject of divorces, there is such a thing as condoning marital offences. After one of the married parties has been wronged in a way that would warrant a divorce, if he or she voluntarily cohabits with the other party it is a condonation of the offence. However, an offence pardoned in this way will revive upon a subsequent violation of the marital duties. Considering the evidence in the cause, the plaintiff must have been under some

undue influence hostile to the defendant. Just before the beginning of this suit, she agreed to live with him if he would remove to the neighborhood of her friends. After he had in compliance with this understanding taken a portion of his goods to the house of his wife's mother, his wife refused to see him any more and invited him to leave her mother's, where she was then living, and where the goods removed had been temporarily left.

None of the grounds relied on for a divorce are supported by any other evidence than the expressed and implied admissions of the defendant, made at a time and under circumstances which show that, as his object was a reconciliation with his wife, he deemed it more advisable to acquiesce in her accusations than to alienate her by a contradiction of them. The chief witnesses, too, who testify to these admissions, seem to have been sent to the defendant to extract evidence by which the charges in the petition might be sustained, as the institution of this writ was simultaneous with the disclosures made by the witnesses. Dr. Crow proves an admission by the defendant that he had wronged his wife, but what those wrongs were does not appear; though we may infer they were not very serious, as he states in the same connection that the defendant informed him that he was not aware of the cause which induced his wife to leave him. It would be very unsafe to base a judgment on the evidence of Mrs. Davis, when we regard her feelings, the relationship between her and the plaintiff, and the suspicion, that arises from the circumstances of the case, that she had an agency in causing the alienation of feeling between the parties to this suit. She proves moreover nothing more than what she regarded as admissions by the defendant of the truth of the charges alleged against him. The admissions made, even if satisfactorily proved, are made in such a way and under such circumstances as fill the mind with mistrust in endeavoring to rest a decree for a divorce upon them. The admissions of a party in a proceeding for a divorce against him are evidence, but alone they are not made the foundation of a decree.

They must be supported by other evidence. There may be cases in which the court may be satisfied that the confession is genuine and sincere, from the circumstances under which it is made and the manner in which it is used, the defence made and the mode of conducting it. (Holland v. Holland, 2 Mass. 154; Betts v. Betts, 1 J. C. 197; Bishop on Divorce, 305–8.)

Although the appearances as to the relations between husband and wife are delusive, and neighbors and acquaintances may be deceived as to their real bearing to each other, yet it is singular that, if the treatment of the husband to his wife has been such and had been so long continued as would warrant a divorce, none of the numerous witnesses who were examined by the defendant, some of whom were in a situation to observe any ill-feeling, discovered any thing unbecoming a husband in the conduct of the defendant. The grand-father and grand-mother of the plaintiff, with whom (she being an orphan) she spent many years of her infancy, with whom she lived until her marriage, who made and received visits after the marriage, and who were on the most intimate and cordial terms with her, speak in the most favorable manner of the conduct of the defendant as a husband. As the plaintiff visited her grand-parents after her marriage, as she stood in relation to them both as a child and grand child, is it not remarkable that she did not disclose to them the wrongs which she endured. Other near relations of the plaintiff, who were examined as witnesses for the defendant, testify in warm terms of approbation of his conduct as a husband. Indeed, taking all the circumstances of the case together, it seems that the conduct of the defendant has been reviewed under unfavorable circumstances, and, long after it was past and should have been forgotten, has now been brought against him to effect a divorce.

Affirmed. The other judges concur.