Van Horn v. Van Horn.

---

ANDREW S. VAN HORN, Appellant, v. SARAH A. VAN HORN, Respondent.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Divorce:** ABANDONMENT: PLEADING: EVIDENCE. The petition in this case sufficiently alleges abandonment, which the answer admits, but the evidence fails to sustain tne allegations of the answer in regard to support and maintenance.

2. ———: INDIGNITIES. The defendant's evidence on the question of indignities in this case is held insufficient.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus*, Judge.

REVERSED AND REMANDED.

*Scott J. Miller* for appellant.

(1) . A divorce is a legal right; the granting or holding of which is in no way dependent upon the discretion of the trial

court.   It is a proposition so elementary as not to require the citation of authorities.   The proceedings of that character have always been reviewed on appeal in this state upon the weight of the evidence.   Ulrey v. Ulrey, 80 Mo. App. 48; Moore v. Moore, 41 Mo. App. 176; Owens v. Owens, 48 Mo. App. 208.   (2)   Under the charges in this petition but three things are necessary:   Cessation from cohabitation, continuing one year; the intention in the mind of the deserter not to resume cohabitation; absence or conduct acquiescing in the same.   Davis v. Davis, 60 Mo. App. 554.   (3)   The court will review the evidence upon the pleadings and grant the relief prayed for if the evidence is sufficient to maintain it. Hall v. Hall, 77 Mo. App. 606.   (4)   The court must be ruled by the statutory grounds and evidence thereunder. Deschodt v. Deschodt, 59 Mo. App. 102; Ulrey v. Ulrey, *supra*; Kilpatrick v. Kilpatrick, 80 Mo. App. 70.

*Frank Sheetz & Sons* for respondent.

(1)   The petition states no cause of action.   Revised Statutes, sec. 4500, p. 1029; Freeland v. Freeland, 19 Mo. 354; Hoffman v. Hoffman, 43 Mo. 550.   (2)   There is no desertion in this case.   Gillinwaters v. Gillinwaters, 28 Mo. 61; Simpson v. Simpson, 31 Mo. 24; Dwyer v. Dwyer, 16 Mo. App. 427; Gilmer v. Gilmer, 37 Mo. App. 675; Nichols v. Nichols, 39 Mo. App. 294; Scott v. Scott, 44 Mo. App. 605; Droege v. Droege, 55 Mo. App. 486.   (4)   Appellant has no standing in a court of equity.   Neff v. Neff, 20 Mo. App. 182; Davis v. Davis, 60 Mo. App. 555.

SMITH, P. J.—This is an action for divorce.   The petition, though somewhat inartificially drawn, charges in substance that the defendant had absented herself from plaintiff, without reasonable cause, for the space of one year, and it is, we think, therefore sufficient.

The defendant filed an answer and cross-petition, admitting her absence from plaintiff but denying that the same was without reasonable cause. The defendant does not therein allege any specific statutory ground for divorce. In justifying and excusing herself for leaving the plaintiff, she does allege, in substance, that he treated herself and infant children cruelly, in that he failed to provide her with suitable shelter, food and raiment, bed and bedding, or money with which to procure the same. The admissions of the answer and the testimony of the plaintiff clearly established the plaintiff's *prima facie* case entitling him to a decree. The burden of the evidence was cast upon the defendant to rebut the plaintiff's case so established.

We can not discover that the evidence discloses that there was anything in the conduct of the plaintiff to justify the defendant in absenting herself. It may be, and no doubt was true, as the defendant testified that the plaintiff did not provide for their joint use a very luxurious couch, or a "flowery bed of ease," but that, with such bedding as the defendant testifies she added to that of the plaintiff, it was ample to keep them warm during the time they cohabited together: that is, from the latter part of May till the early part of September. According to the defendant's own testimony, the plaintiff provided flour and groceries. To these articles she added meat, lard and vegetables from the store she had on hand at the time of the marriage. It can not therefore be concluded that there was any occasion or reason why either herself or children should have suffered the pangs of hunger.

It seems that the plaintiff's house was only a small cottage with three rooms, but that he had in process of construction a much more pretentious and commodious mansion house. But the defendant abandoned the plaintiff's cottage before his mansion was ready for her reception. It would seem that there ought not to have been any serious fault found with

plaintiff on account of his failure to provide a suitable house for defendant.

As to the quantity and kind of raiment the plaintiff provided for defendant the evidence is silent. She states, as a conclusion of hers, that it was insufficient, but no facts are stated from which we can form any conclusion of our own as to that. We are unwilling to condemn the plaintiff's conduct in this regard without something more than is disclosed by the evidence before us. There is no evidence that the plaintiff was guilty of such cruel or barbarous treatment of defendant or her children as to endanger the life of either.

It does appear from the testimony of defendant that the plaintiff, on one occasion, when he was "out of sorts," as she expressed it, told her that she did not know she was coming to a poor house, and that she replied that she did not, but that if she had she would have stayed at her own home. He told defendant that her children were "onery," "no count," liars, unworthy of confidence and who "could not earn their salt." The utterances were perhaps personal indignities, but hardly such as to render her condition intolerable. There does not seem to have been any repetition of them when the plaintiff was not "out of sorts." Both parties were somewhat advanced in years and it will not do to say that pevish utterances of either of them, of the kind just referred to, while suffering from some ailment, or not in usual health, afford grounds for separation. Persons who enter the conjugal state must, as has been expressed, "bear and forbear." Every slight exhibition of ill temper or every unpleasant utterance must not be seized upon as a ground for the severance of the marriage tie. Before a party is granted a divorce, one of the statutory grounds therefor should be alleged and very, very satisfactorily established by credible evidence. In the interest of society, courts should not, as they are often asked to do, grant divorces for "trifles as light as air." In this case there is no allegation

that the plaintiff offered the defendant such indignities as to render her condition intolerable.

It seems to us that the defendant, according to her own evidence, absented herself from the plaintiff without any reasonable cause therefor. It may be well doubted whether the defendant, in her cross-petition has alleged any statutory cause for a divorce, but if she has we do not think the same has been sustained by the evidence .

We are not satisfied with the decree of the trial court in dismissing both petition and cross-petition, and we shall therefore reverse the judgment and remand the cause for rehearing. All concur.