JULE B. FREEMAN, Respondent, v. KATHERYN FREEMAN, Appellant.

St. Louis Court of Appeals, May 13, 1902.

1. **Divorce**: DESERTION: NON-SUPPORT. A husband is entitled to a divorce on the ground of desertion where it appears that his wife who was the daughter of well-to-do parents, left him, he, on account of poverty, not being able to support her in anything like the style and comfort which she desired, and that she had no intention to return to him as long as his poverty continued.

2. ———: ———: ———. Non-support by a husband is not ground for divorce, where he has no means or ability to support.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*A. M. Hough* for appellant.

(1) The proof should be confined to matters existing before the bringing of the suit. Defendant could not desert plaintiff after the suit was brought. The statute requires the desertion should exist, without a reasonable cause for one whole year before the institution of the suit. In divorce proceedings the recovery must be on the state of facts which ex· isted when the suit was brought. Dwyer v. Dwyer, 26 Mo. App. 651. (2) To prove desertion, in the statutory sense as affording a ground of divorce it is essential to show that the absence of the defendant was not justified by the conduct of the plaintiff; that it was continued for the space of one year, without any intention on the part of the absentee during that period, to resume the marital relations and that plaintiff

neither consented nor acquiesced in the separation.    Hall v. Hall, 77 Mo. App. 600.    (3) The evidence must show a willful desertion, a determination not to return, for the space of one year before the filing of the suit.    Atkinson v. Atkinson, 67 Iowa 364.    (4)    The conduct of the husband towards his wife may be such as would warrant her in leaving him, although it would not entitle her to a divorce.    The record does not show that he is an innocent and injured party and therefore he can not recover.    Neff v. Neff, 20 Mo. App. 190; Gillinwaters v. Gillinwaters, 28 Mo. 60.    (5)    In order to establish desertion on the part of the wife by her failing to go with her husband to some other place to reside, the evidence should show that the husband had provided a home for her at such other place, and that he had requested her to go with him to it.    Phelan v. Phelan, 135 Ill. 445.    (6) Simply to show a cessation of cohabitation is far short of what the law demands.    The breaking off of the matrimonial living together may be obvious, but the intent must appear from all relevant facts to constitute desertion.    Bishop on Mar., Div. and Sep. sec. 1485.

*Morton Jourdan* for respondent.

BLAND, P. J.—The suit is for divorce.    The ground alleged in the petition is desertion.    There was no answer denying the desertion, and a cross-bill alleging non-support.

The evidence tends to show that the wife was the daughter of well-to-do parents residing in Jefferson City, Missouri; that the husband was a printer with no means and with an earning capacity of from ten to eighteen dollars per week. They were married in January, 1897, at the home of the wife's parents where they continued to reside several months after the marriage.    They then came to the city of St. Louis and lived with plaintiff's grandmother for some time, after which the defendant returned to the home of her parents

where she remained for over a year. Plaintiff went from St. Louis to Joplin, Missouri and his wife followed him. They boarded for eight or ten weeks, when defendant again returned home, for a few months and then again returned to Joplin, where she and her husband set up housekeeping on the install- ment plan. Plaintiff was earning from ten to twelve dollars per week which proved insufficient to keep the wolf from the door and defendant by permission of her husband again re- turned to the home of her father in Jefferson City. A little unpleasantness preceded her departure, and after she re- turned to her parents communication between her and her husband practically ceased and defendant refused to return to Joplin to live with plaintiff. After a time plaintiff returned to St. Louis, found employment at eighteen dollars per week and again tried to induce the defendant to come to St. Louis and live with him at his grandmother's. This she refused to do. Her objection was to living with the grandmother of the plaintiff, for the reason, as she stated, that they did not get along well together. Plaintiff testified that his wife and his grandmother had had no trouble when they were living to- gether in the same house.

There was one child born of the marriage, a girl three years old.

The weight of the evidence is that the plaintiff has never contributed anything to the support of his wife or child; that both have been supported by the wife's father.

The learned trial judge found the wife had abandoned the husband and concluded his memorandum with the follow- ing significant clause:

"It is plain that this is a case where a young woman, ac- customed to the luxuries of life provided by well-to-do parents, marries a young man whose poverty soon drives away the love she had, or thought she had for him, and stands between them like a specter.

"The plaintiff will be granted a decree of divorce."

Freeman v. Freeman.

We think it is plain from the evidence that the plaintiff is not now able, and has no reasonable prospects of being able in the near future, to maintain his wife in anything like the style and comfort that will satisfy her habits and tastes; that should they go together, the Joplin experiment would soon be repeated. The evidence shows not only a want of affection between them but a disgust on the part of the defendant with her marital experience with the plaintiff, and a settled purpose on her part not to resume the marital relation with him while present conditions exist. This is desertion.

Some complaint is made to the ruling of the court in respect to the admission and exclusion of evidence. These errors, if errors they were, were of no importance and were nonprejudicial. We think the trial court carefully weighed the evidence and came to a correct conclusion.

The defendant has the custody of the child as she should have. The order prohibiting its removal from the State is not a final one and may be modified should the situation of the mother and the good of the child require it, but no such necessity is shown to exist at present.

The cross-bill failed to state any statutory ground for a divorce. Non-support when there is no means or ability to support furnishes no legal ground for separation and divorce.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.