## HARRIET H. WELLER, Appellant, v. JAMES G. WELLER, Respondent.

### St. Louis Court of Appeals, December 30, 1910.

1. **DIVORCE: Grounds: Indignities.** To justify the granting of a divorce on the ground of indignities, the indignities should be sufficient to constitute a species of cruelty, at least to the mind.

2. ———: ———: ———. Unmerited contemptous conduct by one spouse towards another, or injury accompanied with insult, are sufficient indignities to warrant a divorce.

3. ———: ———: ———: **Sufficiency of Evidence.** The marriage contract is not to be dissevered upon slight differences which may exist between the parties, and it is the theory of the law that one spouse will not complain of minor idiosyncrasies incident to the peculiar mental attributes or nervous temperament of the other; so that, in an action by a wife for divorce, where the proof showed plaintiff was of a highly nervous disposition and defendant a quiet, morose, uncommunicative man who enjoyed his own society and the quiet of home above the society of others, evidence that defendant was jealous of plaintiff

without cause, was sour and uncommunicative at times, objected to plaintiff's having company, was sullen and disagreeable when company was in the house, and both objected to plaintiff's going out and omitted to take her out often was insufficient to warrant a decree of divorce on the ground of intolerable indignities, although plaintiff testified she was suffering from a nervous complaint and opined it was caused by defendant's conduct.

4. ———: ———: ———: **Non-Support.** Mere non-support is not a statutory ground for divorce, and is not an intolerable indignity on the part of the husband towards his wife, when she has ample means to support herself.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Robt. L. McLaran* for appellant.

(1) In an action for divorce, a plaintiff is as much entitled to a decree where the evidence establishes a statutory ground of relief as in any other action, and a court has no discretionary right to refuse it. Lynch v. Lynch, 87 Mo. App. 36; Ulrey v. Ulrey, 80 Mo. App. 48; Morris v. Morris, 60 Mo. App. 86. (2) The indignities contemplated by the divorce law as authorizing a decree of separation consist of any unmerited, contemptuous conduct, any act towards another which manifests contempt, contumely, incivility or injury accompanied with insult and amounting to a species of cruelty to the mind. Goodman v. Goodman, 80 Mo. App. 281. Under the facts presented by the evidence in the case at bar, plaintiff was entitled to a decree of divorce. Lynch v. Lynch, 87 Mo. App. 32.

NORTONI, J.—This is a suit for divorce. Defendant, though duly summoned, did not appear. Upon hearing plaintiff's proof, the court dismissed the bill and the appeal is prosecuted from that judgment. The grounds of divorce set forth in the petition per-

tain to indignities alleged to have been offered by defendant to plaintiff sufficient to render her condition intolerable.

It appears the parties were married in 1885 and continued to live together until 1902, when plaintiff separated from her husband because of his conduct, which is set forth as the indignities complained of. At the time the parties were married, defendant was engaged as a city salesman for a drug company and received a salary of about $1000 or $1200 per year for his services. It appears plaintiff's father was a man of some means and presented her with a home in the city of St. Louis at the time of her marriage. The parties resided in this home and defendant pursued his occupation for a time but afterwards quit it for the reason his wife had some means from her father. For a time they lived with the father's family at his home and it seems plaintiff furnished money to her husband, for he was unemployed. Upon the death of her father, she came into a considerable estate and defendant remained unemployed as before. The testimony goes to the effect that both plaintiff and defendant are good people; that is to say, they enjoy the esteem of their neighbors and conduct themselves in all respects according to the proprieties incident to a respectable life, but the complaint as to defendant is that he was jealous of his wife without cause and somewhat selfish, in that he objected to her having company at home or going out frequently with others. While it appears plaintiff at all times treated her husband with kindness and affection and deported herself as a good wife should, she says her husband was sullen and disagreeable when there was any one in the house, as he did not care for company. Plaintiff says that her husband was not a "drinking man," that his habits were good, and it appears he never struck her, nor was he unduly harsh in his conduct. But he was sour

and uncommunicative at times, objected to plaintiff having company and both objected to her going out and omitted to take her out often. The burden of plaintiff's complaint is that her husband was sullen and sour, but no serious charge is laid against him except that he quit his employment and omitted to furnish her a support. On this, however, it appears plaintiff herself was possessed of means, and, like a good wife as she was, divided with her husband. It appears, too, that plaintiff has suffered for a number of years with a nervous complaint and has taken treatment therefor. In her testimony, she ascribes her nervous condition to worry occasioned by the indignities offered by her husband, which are said to have rendered her condition intolerable. In dismissing the bill, the trial court expressed the opinion that though it appeared plaintiff was of a nervous disposition, it was only her opinion that such condition ensued from her husband's conduct, for the court observed in the testimony no grounds for such extreme worry. We believe the judgment to be sound under our statute, for the indignities relied upon should be sufficient to constitute a species of cruelty, at least to the mind. [Holschbach v. Holschbach, 134 Mo. App. 247, 114 S. W. 1035; Goodman v. Goodman, 80 Mo. App. 274; 1 Bishop on Marriage and Divorce, sec. 1826.] Unmerited, contemptuous conduct by one spouse toward another or injury accompanied with insult are sufficient as indignities to warrant divorce. [Goodman v. Goodman, 80 Mo. App. 274, 282.] But there is naught in the evidence before us indicating that defendant entertained contempt for his wife or that he treated her with contumely or offered her injury accompanied by insult. At most the proof shows the lady to be of a highly nervous disposition and her husband to be a quiet, morose, uncommunicative individual who it seems enjoyed the society of himself and the quiet

of home above that of the society of others. The marriage contract is not to be dissevered upon slight and unimportant differences which may exist in the characteristics of the parties; and it is the theory of the law that one upon assuming the relation will not complain of minor idiosyncrasies incident to the peculiar mental attributes or nervous temperament of the other. Such matters the law in its sensible and just administration necessarily condones in aid of the family ties and to the end of encouraging a spirit of forbearance and toleration of the inconsequential frailties of human nature. [See Webb v. Webb, 44 Mo. App. 229; Holschbach v. Holschbach, 134 Mo. App. 247, 257, 258, 114 S. W. 1035.] Though plaintiff may have suffered from a nervous condition, induced by worry, we see nothing in the conduct detailed which is sufficient to constitute mental cruelty on the part of defendant, and especially is this true when viewed from the standpoint of the law requiring reasonable forbearance on the part of all married persons.

But it is said the proof is conclusive that defendant omitted to support his wife for several years and instead enjoyed his living at her expense. Mere non-support alone is not a statutory ground for divorce nor is it relied upon here as such but it is put forward only as an indignity. As to this, the trial court expressed the view that defendant's failure to support his wife when she had ample means and he had none does not amount to an indignity, under the statute, which operated to render her condition intolerable. The proposition is supported by a decision directly in point and it will not be further discussed. [Freeman v. Freeman, 94 Mo. App. 504, 68 S. W. 389; see, also, Gallemore v. Gallemore, 115 Mo. App. 179, 91 S. W. 406.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.