# CONSTANCE SCISM, Respondent, v. W. RANSOM SCISM, Appellant.

### Springfield Court of Appeals; July 29, 1914.

1. **DIVORCE: Alimony Pendente Lite: Prima-Facie Showing.** To justify the trial court in granting alimony *pendente lite* there must at least be a prima-facie showing on the part of the wife, where she is the plaintiff, that she is entitled to the relief prayed for in her petition for divorce and that her suit is brought in good faith and not merely for the purpose of obtaining thereby money from her husband.

2. ————: **Temporary Alimony: Evidence.** Courts do not require a hearing as full on a motion to grant temporary alimony as it does in granting a divorce.

3. ————: ————: **Allowance.** The allowance of temporary alimony is based on the wife's inability to support herself pending the suit or to employ attorneys necessary in prosecuting her action.

4. ————: ————: **Trial Court's Discretion.** The granting of a motion for temporary alimony rests almost entirely with the trial court and its action thereon will not be interfered with by appellate courts except on manifest abuse of such discretion.

5. ————: **Pleadings: Amending Petition: When.** Although a petition for divorce might stand in need of being amended, it is not necessary that this be done before granting the preliminary for alimony.

Appeal from Stoddard County Circuit Court.—*Hon. Henry S. Shaw,* Special Judge.

AFFIRMED.

*Mozley & Woody* for appellant.

(1) In order to justify the trial court in granting alimony *pendente lite,* there must be at least a prima-facie showing on the part of the wife, where she is the plaintiff, that she is entitled to the relief prayed

for in her petition for divorce, and that her suit was brought in good faith and not merely for the purpose of obtaining money from her husband. If it appears that her suit is without just or reasonable foundation, or is prompted by malice or oppression towards her husband, or that her husband's success is very apparent, no allowance should be made to the wife. 2 Am. & Eng. Ency. Law, page 101; Adams v. Adams, 49 Mo. App. 600; 14 Cyc. 750; Harding v. Harding, 21 L. R. A. (Ill.) 310. (2) The facts stated in respondent's petition for divorce, if true, would not entitle her to a decree. The testimony offered on the motion for alimony clearly shows that she left her husband without just and reasonable cause, and that she refuses to return to him. If she is not entitled to a decree of divorce on the allegations of her petition, and refuses to return to her husband, he should not be compelled to pay her the amount of this judgment, or any other amount. Droege v. Droege, 52 Mo. App. 84; Grant v. Grant, 171 Mo. App. 317, 157 S. W. 673; Holschbach v. Holschbach, 134 Mo. App. 114; Webb v. Webb, 44 Mo. App. 229; Weller v. Weller, 154 Mo. App. 6, 133 S. W. 128; Alfree v. Alfree, 175 Mo. App. 344, 162 S. W. 650; Robertson v. Robertson, 137 Mo. App. 93, 119 S W. 533.

*Fort & Green* for respondent.

(1) Whether guilty or innocent, the wife has a right to prosecute or defend an action for divorce and since the husband usually holds the purse strings he must furnish her the means of attack or defense, if she is without adequate means of her own. Libbie v. Libbie, 166 Mo. App. 240. (2) Under the statute the original jurisdiction of the subject of alimony is lodged in the circuit court and a motion for alimony *pendente lite,* filed in that court, in a divorce proceeding relates to a cause of action that is separate and distinct from

the divorce cause, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. Libbie v. Libbie, 166 Mo. App. 243; State v. Seddon, 93 Mo. 520; Dowling v. Dowling, 164 S. W. 643. (3) There is a wide difference between a petition for divorce which fails to state jurisdictional facts, and a petition which fails to state a cause of action for divorce. In the latter case the petition may be amended, so as to state a cause of action, and this may be done after the evidence is all in so that the petition may conform to the proof. Lynch v. Lynch, 87 Mo. App. 32.

STURGIS, J.—This is a proceeding on motion for alimony *pendente lite* in a suit for divorce pending between respondent, as plaintiff, and appellant, as defendant. The petition in the divorce suit was filed in the circuit court of Stoddard county, Missouri, returnable to the March term, 1914, thereof. After personal service of summons on the defendant, the plaintiff, on December 15, 1913, filed her motion in said cause asking for temporary alimony. This motion asked for an allowance of $100 as alimony pending the suit and states that plaintiff has no resources with which to prosecute her action herein and that defendant is the owner of real and personal property of the value of $5000. On December 19, 1913, this motion was taken up by the court, both parties appearing, and after hearing the evidence, the court entered an order in favor of plaintiff and against the defendant allowing her the sum of $100, as suit money.

The petition for divorce alleges that plaintiff and defendant had lived together after their marriage in 1908 for about five years; that during their married life defendant had threatened to leave the plaintiff because of her doing sewing for her own folks and

would not treat them courteously when they (her father and mother) visited them; that defendant several times visited one young lady at Cape Girardeau, Missouri, and wrote letters to another young lady in Oklahoma, and on plaintiff's asking about these affairs, defendant gave her no explanation but asked her what part of his property she wanted to set him free; that he several times told her he did not love her and that he would take her home and never call for her again; that they had separated once before, but on his acknowledging his wrong and promising to be kind and good to her, they resumed their marital relations; that he then induced her to join in making a deed to some land owned by him, conveying the same to his father and mother; that thereupon he again began his bad treatment of her and again told her to get ready and he would take her to her old home and never come after her; that they then finally separated. It is thereupon alleged that defendant has property of the value of $5000, but that plaintiff is wholly without means of support or for prosecution of this suit and a judgment is asked for divorce and permanent alimony.

On the hearing of this motion for temporary alimony the court heard the evidence of both plaintiff and defendant and that of one or two witnesses on plaintiff's behalf. It would serve no useful purpose to set out or comment on this evidence. It purports only to be a prima-facie showing and the court did not go very extensively into the real merits of the case. It is sufficient to say that we are convinced, as was the trial court, that the evidence for plaintiff tended to support the allegations of her petition. The evidence of defendant was contradictory thereof. The trial court heard the evidence and granted the motion awarding plaintiff temporary alimony in the sum of $100. From this award defendant has appealed.

It is not necessary for us to decide in this case to what extent a party to a divorce proceeding must

enter on the merits of the case before being entitled to an allowance for suit money on a motion for that purpose filed and heard in advance of the trial on the merits. We may grant defendant's proposition that in order to justify the trial court in granting alimony *pendente lite* there must be at least a prima-facie showing on the part of the wife, where she is the plaintiff, that she is entitled to the relief prayed for in her petition for divorce and that her suit is brought in good faith and not merely for the purpose of obtaining money from her husband. It may well be that if it appears on such preliminary hearing that her suit is without any just or reasonable foundation, or is prompted by malice or oppression against her husband, then no allowance should be made to her.

The defendant, by quoting from Weller v. Weller, 154 Mo. App. 6, 10, 133 S. W. 128, and Van Horn v. Van Horn, 82 Mo. App. 79, as to the sanctity of the marital relations and that courts should not sever such relations except for the most weighty reasons after a full hearing, seems to want to put the granting of temporary alimony on this same foundation. If the courts should require a full hearing and only grant temporary alimony on the same evidence it would grant a divorce, such would defeat the whole purpose of such motions. It is not intended that there should be a full hearing of the case or that the court be satisfied that a divorce will or ought to be granted. The making of such allowance is based on the inability of the wife to support herself pending the suit or to employ attorneys and meet other necessary expenses in prosecuting her action; and the granting of such motions rests almost entirely with the trial court and its action thereon will not be interfered with by appellate courts except on manifest abuse of such discretion. [Adams v. Adams, 49 Mo. App. 592, 599; Robertson v. Robertson, 137 Mo. App. 93, 119 S. W. 533; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216, 222, 12 S. W.

661.] It is held in Libbe v. Libbe, 166 Mo. App. 240, 148 S. W. 460, that the wife, whether the innocent or guilty party, has a right to prosecute or defend a divorce suit, and, if without means of her own, the husband, who usually holds the purse strings, must furnish her the means of doing so. The proceeding on such motion, while a part of the same suit, is entirely independent of the controversy on the merits and it is in nowise decisive thereof. [State v. Seddon, 93 Mo. 520, 527, 6 S. W. 342; Libbe v. Libbe, 166 Mo. App. 240, 148 S. W. 460.] We rule that the court did not abuse its discretion in making the small allowance complained of in this case.

It is said that the petition is deficient in not alleging sufficient facts to warrant the granting of a divorce. It is probably true that the plaintiff's evidence took a wider range than the allegations of the petition and that facts were proven which were not alleged, but the petition can be amended at or before final hearing so as to cover all the facts. It was not necessary to amend the petition before granting this preliminary motion. [Van Horn v. Van Horn, 82 Mo. App. 79.]

As we must decide this case against appellant on the merits, it is not necessary to discuss or decide the contention that his bill of exceptions was not signed by a judge having authority to do so.

The judgment of the trial court allowing temporary alimony is affirmed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.