ALMIRY HOWARD, Respondent, v. ISAAC HOWARD, Appellant.

Kansas City Court of Appeals, April 5, 1915.

1. DIVORCE: Adultery: Evidence. Where the husband and a young woman who was his wife's niece, frequently carressed, and were frequently seen together on a bed; slept in adjoining rooms for two nights at a hotel; and in the same room with two beds in a boarding house for several weeks, it was *held* to be ample proof of adultery entitling the wife to a divorce.

2. ——: ——: Alimony: Wife's Efforts. Where the wife's efforts through a long period of years was a strong factor in earning and saving an estate of about $15,000 after deducting debts, it was *held* that on her obtaining a divorce for her husband's adultery, $6000 was not an excessive allowance in gross for alimony.

Appeal from Buchanan Circuit Court.—*Hon. Wm. H. Haynes*, Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

*Duncan & Utz* for respondent.

ELLISON, P. J.—Plaintiff's action was to divorce her husband. She prevailed in the trial court, the decree including six thousand dollars alimony. They had lived together for near forty years and had two grown children, one a son, the other a daughter, both married.

The charge in the petition is adultery and indignities, both abundantly sustained by the evidence. Plain-

tiff is conceded to be a virtuous woman, and, in addition, was a patient and industrious housekeeper. Her care, economy and energy, the defendant himself admitted and stated that to her active help in labor and saving, he credited at least half of what he was worth. It is conceded that she placed the strongest belief in his loyalty and devotion to her, and the evidence shows that no thought of his betrayal of this trust entered her mind until overwhelming evidence forced a conviction of his guilt. The cause of the changed situation was the introduction into the household of plaintiff's niece, a young woman twenty-two years old when she entered and twenty-seven when the break came.

It appears that this woman was not always in the best of health and that she was waited upon by both these parties. It is intimated that she feigned ill health as an excuse for defendant's attentions; but we think it fair to say that she was, at times, not as strong as she might have been, though, doubtless, her indisposition was much exaggerated. At any rate, she was, ordinarily, a fully developed and active young woman. Her indisposition was described as a nervous condition at night and that two or three times a week, at some time in the night she would ask that one of these parties come into her room. Defendant it seems always responded though, if not at the request of the plaintiff, at least with her consent. Defendant would go to her room and remain with her, in most instances, the balance of the night. He was dressed in his night shirt and each admit that he laid beside her on the bed, and that he frequently went to sleep. But we think any trier of the fact would be justified in finding that, instead of merely lying on the bed, he went into the bed with her.

Defendant finally took her into the real estate business with him, the result being that they were together the greater part of the time. They travelled together at times. They were together along with plaintiff in

Wyoming on a visit. Unhappy scenes occurred there with defendant's daughter who had observed and discovered the disgraceful conduct and was loud in her protest. At one time when plaintiff was not at home, defendant took the young woman to a hotel and remained in adjoining though disconnected rooms for two nights. They then went to a house where they boarded for several weeks occupying the same room, though there were two beds.

During the time covered by the foregoing conduct, they were frequently seen in the daytime, lying on the bed together carressing. It was common for her to sit on his lap kissing and carressing him.

The foregoing and very many more incriminating circumstances were shown—too many for the reasonable length of an opinion—and they were *admitted* by defendant and the woman. But they each stoutly denied that any criminal act was committed and excused their conduct on the ground that they looked upon one another as would a father and daughter, and that his solicitude for her accounted for his part of these attentions, and that she, looking upon him with the innocent affection a child would to a parent, accounted for her excessive demonstrations of affection. But the circumstances here related and others not referred to, appeal to one's understanding in overwhelming protest against such explanations. There is no doubt that lasciviousness and not innocence was the controlling factor in their conduct.

A singular phase of the case is plaintiff's unsuspicious and guileless nature. The conduct of these parties had exceeded all proper bounds for a great length of time, before she seemed to realize what was going on. Finally she ordered the young woman from the house, and again, when meeting with her at defendant's place of business was about to strike her. The young woman never asked her for an explanation of these acts. We think that condonation does not ap-

pear in the case. Even if plaintiff had become aware of defendant's conduct and been led to believe it had ceased when in fact it had not, her disappointed faith would not have been condonation. [Twyman v. Twyman, 27 Mo. 383; Guthrie v. Guthrie, 26 Mo. App. 566.] We do not think that Harper v. Harper, 29 Mo. 301, cited by defendant applies, in its facts, to this case.

On the question of alimony, the record forces us to approve the allowance of the trial court. We have already referred to defendant's concession that plaintiff's efforts through a period of near forty years, contributed in great degree to the estate he now has. The value of his property, as shown by the evidence, under plaintiff's statement, is something more than $25,000, with an indebtedness of $5000. Defendant says it is not more than about $18,000. In addition to the allowance of $6000 gross alimony, there have been some orders for attorneys' fees during the progress of the litigation. In our opinion, the circumstances considered, the allowance made by the court is not excessive. The judgment should be affirmed. All concur.