**Bernlece Alva DOWNING (Plaintiff), Respondent,**

v.

**Orville Lynn DOWNING (Defendant), Appellant.**

No. 22232.

Kansas City Court of Appeals.

Missouri.

May 2, 1955.

Barnett & Skeer, Paul Barnett, Kansas City, for appellant.

Ryan & Maitland, G. H. Maitland, Kansas City, for respondent.

CAVE, Judge.

This is an appeal from an order of the Circuit Court of Jackson County allowing temporary alimony, child support, suit money and attorney fees to plaintiff in a suit for divorce.

We shall refer to the parties as plaintiff and defendant.

Plaintiff brought suit for divorce charging several grounds of indignities, and prayed for decree of divorce, custody of minor child, alimony, maintenance for child, and attorney fees. Defendant filed answer denying the allegations of grounds for divorce and alleging that, even if defendant had committed any act or acts constituting grounds for divorce, yet the plaintiff had condoned all such acts and had continued to live with defendant as his wife and as a member of defendant's family up to and since the time when the petition was filed.

Plaintiff filed a motion for temporary allowances as above mentioned and evidence was heard. The motion was sustained and the court allowed $100 per month as child support, $50 a month temporary alimony, $50 as suit money, and $200 attorney fees. Motion for new trial was filed and overruled and defendant appealed.

For some reason, the court reporter did not take down the oral testimony at the hearing on the motion. However, the attorneys for the parties later stipulated relative to the facts, which stipulation was approved by the trial judge and is part of the transcript in this court. The substance of the stipulation is: That plaintiff and defendant were married in July, 1941, and adopted a minor child, Ronald Lynn Downing, who was eight years of age at the time the divorce proceeding was filed; that plaintiff and defendant owned the family residence as an estate by the entirety; that

plaintiff had testified that she brought her action for divorce in good faith and upon the grounds alleged in her petition, and she intended to prosecute the action to a final adjudication; that plaintiff and defendant and the minor child all live in the residence property; that plaintiff has the general care of the residence, general supervision and care of the child, and orders and prepares the food in sufficient quantity for herself, the child, and the defendant if he chooses to have his meals in the residence; that plaintiff and defendant, for approximately two years, have lived separate and apart in the residence in the sense that they have occupied separate rooms and separate beds; that they have not had marital relations with each other during said period, and have lived separate lives in the sense that they have not associated with each other outside the residence, or entertained within or outside the residence socially, and that they confine their conversation within the residence to matters of household management and the welfare of the child; that merchants have extended credit to the defendant for household expenses and that he pays these bills; that defendant has never given plaintiff a monthly allowance for household expenses, but she has had a bank account and when it has become overdrawn he has made good the overdrafts; that the bank account was entirely from funds furnished by defendant; that defendant has never given plaintiff a monthly allowance for clothing or personal expenses for herself and the minor child; that defendant has from time to time, upon request of plaintiff, given her small amounts of cash for personal expenses for herself and child, but upon some occasions he has refused such requests; that defendant is the sole owner of the Best's Jewelry Company in Kansas City, which defendant admitted to plaintiff had an inventory value of $75,000; that other than the residence property which is held as an estate by the entirety, plaintiff's sole assets at the time of the hearing on the motion consisted of personal clothing and $35 in cash; and that for lack of funds, plaintiff is unable to pay her attorney and provide him with suit money to prosecute her action for divorce.

Defendant did not testify at the hearing on the motion.

Defendant's first point is that the court erred in making the allowances because the plaintiff did not testify to sufficient facts to make a prima facie case on the merits of the divorce proceeding. His first argument under this point is that plaintiff merely testified that she had brought her suit for divorce "in good faith", and that such a statement is a mere conclusion and has no evidentiary force. We do not know what plaintiff testified to because her testimony was not transcribed by the court reporter and is not before us. The stipulation does not purport to quote plaintiff's evidence. We think the effect of the stipulation is that the trial court could find, from plaintiff's testimony, that she had brought her suit in good faith and expected to prosecute it to a final determination. This would meet the requirement announced in Brinker v. Brinker, 360 Mo. 212, 227 S.W.2d 724, 727, wherein the court said, in connection with the temporary allowances in a divorce case: "Other than to ascertain if the action has been instituted in good faith, the court does not consider the merits of the case." There is no merit in this contention.

However, defendant asserts that the established law in Missouri is that a wife must make a prima facie case by her proof upon the merits of a divorce proceeding before she may be awarded pendente lite allowances. In support of this argument, he cites Hill v. Hill, Mo.App., 236 S.W.2d 394, 400, and Scism v. Scism, 184 Mo.App. 543, 167 S.W. 455, 456. In the Hill case we said 236 S.W.2d 400: "To obtain an order for alimony and attorneys' fees pendente lite she (the wife) must present a prima facie case by her pleading and proof; that is, prima facie proof of the marriage *and of the merits pleaded.* 27 C.J.S., Divorce, § 208(b), 208(c–2), pages 894, 896." (Italics supplied.) The italicized statement is broader than the Missouri rule. The early case of State ex rel. Gercke v. Seddon, 93 Mo. 520, 522, 6 S.W. 342, 343, announced the rule in this state on the question of temporary allowances as follows: "The

power of the court to order and enforce an allowance for alimony pendente lite, although an adjunct of the action of divorce, is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, ex necessitate rei, out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy." In the later case of Arnold v. Arnold, Mo., 222 S.W. 996, 1001, the court en banc said on this subject: "The allowance of temporary alimony is largely a matter of discretion with the trial court, but is allowed solely upon the theory that the wife has no means with which to prosecute her suit. * * * The allowance is independent of the merits of the case. * * * It must be considered entirely apart from the merits of the case. * * * The statute allows such an order 'where the same would be just'; that is, where it would be just, independent of the merits of the case." These general principles have been announced in a multitude of decisions, some of the more recent being, Brinker v. Brinker, supra; Richardson v. Richardson, Mo.App., 270 S.W.2d 68; Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364; Gregg v. Gregg, Mo.App., 272 S.W.2d 855.

The broad statement made in Hill v. Hill, supra, should no longer be construed to mean that, in this state, a prima facie case must be made on the merits of a divorce suit before the court is authorized to make pendente lite allowances.

The opinion in Scism v. Scism, supra, cited by the defendant, does not support his contention. The court quoted with approval from a prior decision the following announcement of our rule, 184 Mo.App. 548, 167 S.W. 456: "It is held * * * that the wife, whether the innocent or guilty party, has a right to prosecute or defend a divorce suit, and if without means of her own, the husband, who usually holds the purse strings, must furnish her the means of doing so. The proceedings on such motion while a part of the same suit, is entirely independent of the controversy on the merits and it is in no wise decisive thereof."

Of course, certain facts should appear before the court makes temporary allowances. Some of such are: (a) Proof of the marriage (which was admitted in the instant case); (b) the divorce petition must state a cause for relief (that is not questioned in this case); (c) whether the condition and circumstances of the wife are such as to require allowances of alimony and suit money (which is clearly established by the stipulated facts in this case); (d) the ability of the husband to provide such allowances (that fact clearly appears from the stipulation filed herein). The court, in its discretion, may inquire into other facts which it considers essential to arriving at a just order.

However, defendant further contends that the court erred in making the temporary allowances because it appears from the facts recited in the stipulation that plaintiff and defendant were "living together as man and wife", consequently she would not be entitled to a divorce. This is an effort to invite a holding that, at a hearing on the wife's motion for pendente lite allowances, her evidence must be sufficient to make a prima facie showing that she is entitled to a divorce. What we have said disposes of this contention. No such burden rests on the wife. Defendant relies heavily upon Lipp v. Lipp, 117 S.W.2d 364, an opinion by this court. At the hearing on the motion for pendente lite allowances, the wife had testified that she and the defendant were "living together". But we held that when all of her testimony was considered, it was plain that she meant they were living in separate rooms in the same house, and were not living together as *husband and wife*. In disposing of the question, we said at page 366: "We conclude the pleadings and proof warranted the court in finding that plaintiff and defendant were not living together as *husband and wife* but separate and apart from each other, *notwithstanding they were sheltered by the same roof. Upon such finding the law does not preclude allowance of suit money*." (Italics supplied.) The defendant also cites Adams v. Adams, 49

Mo.App. 592; Fullhart v. Fullhart, 109 Mo. App. 705, 83 S.W. 541; and Harper v. Harper, 29 Mo. 301. We discussed the Adams and Harper cases in Lipp v. Lipp, supra, and need not extend this opinion by doing so again. In the Fullhart case, the court said, 109 Mo.App. 708, 83 S.W. 542: "It is the settled law that the spouses must be living separately during the pendency of the suit for divorce in order to warrant alimony pendente lite in favor of the wife. * * * In the present case it appears to be an undisputed fact that within a month or so after the filing of the motion for alimony the plaintiff became reconciled to the defendant, her husband, and returned to his bed and board, and from thenceforth continued to live in matrimonial cohabitation with him. She was therefore so living with him at the time of the final hearing of the motion for alimony and the order made thereon allowing it. * * * the plaintiff, by living with the defendant in matrimonial cohabitation during the pendency of her suit for divorce and her motion for alimony, thereby precluded her right to have alimony, to which otherwise she might have been entitled." The facts in the Fullhart case clearly distinguish it from the situation existing in the instant case.

For a review of the authorities in this country on the question of the necessity of the wife leaving the home of her husband in order to be *separated* from him, we suggest a study of the opinion of the United States Circuit Court of Appeals for the District of Columbia, in Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227.

On the meager facts appearing in this record, we decline to express an opinion whether the continued relationship of these parties would defeat plaintiff's right to a divorce when all the facts and circumstances are developed. That is an issue which cannot and should not be decided in a hearing on the motion for pendente lite allowances.

■ Defendant's last contention is that the court erred in granting temporary child support because the child was in the father's custody and was being supported by him.

The limited facts before us present a novel situation. The husband, wife and child are living under the same roof. No ad interim order of custody was made, and the stipulated facts do not make it clear whether the actual custody of the child was in the wife or husband or in both. It does appear that the residence property is owned as an estate by the entirety, entitling each party to reside therein; that the wife "has the general supervision and care of the minor child" and orders and prepares the food for herself, the child, and the defendant, if he chooses to have his meals at the residence; that merchants have extended credit to the husband for household expenses, but that he has never given the wife a monthly allowance for such expenses or for the personal expenses of herself and the child, but has from time to time given the wife "small amounts of cash for personal expenses for herself and the minor child, but upon some occasions such requests have been refused"; that the wife has no property or income of her own except her clothing and $35 in cash. The husband did not testify and the court has no commitment from him relative to his future intentions of maintaining credit for the wife and child or that he would continue to dole out small amounts of cash at his pleasure.

We think it is a reasonable assumption that when the wife filed her petition for divorce, the breach between her and her husband widened and that the tension and bickering between them noticeably increased. No doubt the trial court considered this situation and reached the conclusion that the wife should not be left to rely entirely upon the whim and caprice of her estranged husband for support of herself and the minor child; that the uncertainty of receiving proper support, or the endless bickering and altercations arising from her requests for support, would create an intolerable situation for the wife and child.

Considering the meager facts recited in the stipulation and the reasonable inferences to be drawn therefrom, and indulging the presumption of right action on the part of the trial court, we are unwilling to hold

that he abused his discretion in making definite and certain the temporary allowance for the support of the minor child.

The judgment should be affirmed. It is so ordered.

All concur.