Rose Marie R. O'BRIEN, Plaintiff-Respondent,

v.

Philip J. O'BRIEN, Defendant-Appellant.

Nos. 34358, 34429.

Missouri Court of Appeals,
St. Louis District.

Oct. 3, 1972.

Lawrence O. Willbrand, St. Louis, for defendant-appellant.

John P. Sullivan, Clayton, Gerald Cohen, St. Louis, for plaintiff-respondent.

BRADY, Chief Judge.

After filing her petition for divorce plaintiff wife initiated this action for alimony and child support pendente lite, as well as attorney's fees. The court awarded the sum of $125.00 per month, $250.00 per month, and $500.00 on account respectively for these purposes. Defendant filed notice of appeal whereupon plaintiff moved for attorney's fees and costs on appeal and was granted $350.00 for attorney's fees and $75.00 for costs. Defendant appeals that order as well, and the cases have been consolidated in proceedings before us. The custodial awards are not preserved for our review.

The divorce action was initiated by a petition filed on March 27, 1971 setting forth allegations of general indignities as grounds for a divorce. In support of her motions plaintiff testified that she and defendant had been married 27 years and had 4 children, three of whom were still minors; the parties had agreed that plaintiff would have temporary custody of the two minor girls and defendant would have custody of the minor son pending the final divorce; plaintiff had been and was at the time of the hearing living in the residence owned by plaintiff and defendant because she did not have any furniture; that while living there defendant had provided plaintiff and her children with all the necessities; and that plaintiff had rented a three bedroom apartment the rent on which was to commence three days after the hearing.

Regarding her income and expenses, plaintiff testified that she had been employed for approximately six months with a take-home pay of $349.46 per month. She estimated total expenses at $905.00 per month, these consisting of rent at $295.00, living expenses for her and the two daughters at $450.00, and miscellaneous expenses at $160.00. Defendant's income and expense statement showed that he had a take-home pay of $580.00 per month from the restaurant, his monthly expenses amounted to approximately $815.00 consisting of living expenses for himself and one child at $300.00, home expenses at $184.00 and miscellaneous expenses at $331.00.

The financial statements of the parties need not be detailed here. It is sufficient to state that granting each their proper share of jointly owned property as indicated by the evidence after deducting therefrom the proportionate obligation of each in any mortgages or debts against such property, the assets of the plaintiff were shown to be $50,700.00 of which amount $17,000.00 was in a savings account. The assets of the defendant were shown to be

$68,000.00 of which amount $15,000.00 was in a savings account. The defendant has $14,300.00 in stock of which some $12,500.00 is in stock in the corporation which owns the business which he manages and in which he has a half interest. Plaintiff is not shown to have any other stock. The other assets of the parties from which their total assets is derived represents the proportionate ownership of each in the home, equities in certain real estate and in certain automobiles, household furnishings, and life insurance at cash value.

Defendant's gross income the preceding year, as reported on his income tax returns, was $22,643.00. Defendant indicated that this included income from another restaurant owned by him and his wife which they had given to their oldest son the preceding year. The defendant also indicated that a $5,000.00 bonus from O'Brien's restaurant for the preceding two years was included, this bonus being applied to the vacant lot the parties jointly owned. His other assets consisted of $15,000.00 in savings accounts, approximately $6,000.00 in household furnishings and furniture, and approximately $1,800.00 in stocks and bonds other than the B. O. S. Enterprise.

At the hearing on plaintiff's motion on appeal held on November 12, 1971 before another division of the circuit court, plaintiff reiterated much of her testimony from the previous hearing. She also stated that she had not received any money from defendant since before the original hearing; she had consumed approximately $2,000.00 of the savings she previously had to support herself; she did not have funds necessary to pay attorney's fees and costs on appeal; and that the youngest daughter was living with her continuously while the older daughter visited on occasion. On cross-examination plaintiff further testified that the minor son and the adult son were living with defendant and the one minor daughter lived part-time with him and part-time with her. Thereafter the court ordered defendant to pay attorney's fees and costs. Defendant appealed.

■ Defendant's first allegation of error is that the court erred in granting plaintiff's original motion for allowances because the evidence showed plaintiff was living with defendant in their residence at the time of the hearing. Defendant's argument is based on this court's opinion in Adams v. Adams, 49 Mo.App. 592, wherein it was stated at 1. c. 599 that spouses must be living separately during the pendency of the suit for divorce in order to warrant an award of alimony *pendente lite* in favor of the wife. In the case of Lipp v. Lipp, Mo.App., 117 S.W.2d 364 the same contention was considered by the Kansas City Court of Appeals. The opinion in that case correctly pointed out that the above quoted statement in *Adams* was dicta to the decision and not of controlling authority. The court then stated (1 c. [3] 366) that the plaintiff and defendant could be living separate and apart from each other notwithstanding the fact that they were sheltered under the same roof. Downing v. Downing, Mo.App., 279 S.W.2d 538.

We agree with the decision in *Lipp* and *Downing*. The statement in *Adams* is not controlling of the issues here. This ruling is particularly applicable to the case at bar where all agree the pleadings and proof show the parties to be living separate and apart as far as their marital relationship. Plaintiff had filed her petition for divorce the validity and good faith of which are not questioned and she did move to an apartment within a short time of the hearing on the original motion. Defendant's first allegation of error is without merit.

Defendant next attacks the trial court's ruling on the original motion on the ground the plaintiff acknowledged that defendant was furnishing her and the children all the necessities of life. The basis of this contention is a statement found in McCloskey v. McCloskey, 68 Mo.App. 199 (1896), wherein it was stated that to entitle a wife to allowance for maintenance it devolves upon her to show that the husband failed to furnish reasonable support. Defendant then goes on to state that the

facts conclusively show plaintiff to have admitted that she was receiving all the necessities from defendant while living in the home.

■ ■ Prior to the adoption of the Married Women's Act, Section 451.250 et seq., R.S.Mo.1969, V.A.M.S., the wife was held to have an absolute right to the allowance of alimony *pendente lite*. Since the adoption of that act, however, the rule is that the right of a wife to such allowances depends upon her financial necessities and the financial ability of the husband to pay. Noll v. Noll, Mo.App., 286 S.W.2d 58, 1. c. [5]; Gross v. Gross, Mo.App., 319 S.W.2d 880. In Knauss v. Knauss, Mo.App., 425 S.W.2d 713 it was held that a wife is entitled to the security of an order of court fixing the husband's legal obligations as to support even though that support is being provided voluntarily. The obvious rationale is that what is voluntarily given may be voluntarily withdrawn. While plaintiff admitted receiving all of her necessities while she resided in the family residence, in accordance with *Knauss, supra*, we cannot hold this necessarily precluded her right to an order of the court fixing her allowances particularly where, as here, defendant stopped providing the necessities after plaintiff moved out three days after the first hearing and has not provided any funds since that time.

Defendant's final point states: "The Court erred in awarding plaintiff-wife child support, alimony, attorney's fee and suit money where the evidence established that she took home $350.00 monthly and had at her disposal over $17,000.00 and an automobile." The ensuing argument is devoid of any allegation the awards were excessive. We construe this allegation as presenting the contention the trial courts abused their discretion in making the awards because the evidence showed plaintiff to have adequate means to support herself and the children and to prosecute her action.

■ ■ Insofar as the award for child support is concerned, such a contention can be readily dismissed. The rule is well established that it is the primary duty of the father to support and educate his children notwithstanding the fact that the mother may have independent means. Riggin v. Riggin, Mo.App., 373 S.W.2d 633, 1. c. [3].

■ ■ We next consider defendant's allegation with reference to the award of temporary alimony. The basic inquiry in making such an award must be as to the sufficiency of the wife's means to support herself or to defray expenses of litigation, and the financial ability and responsibility of the husband to do so. Since defendant advances no contention he is unable to provide temporary alimony, we consider only the sufficiency of plaintiff's means to support herself. In making such a determination it is settled law this court will not interfere with the decision of the trial court unless an abuse of discretion is manifestly clear from the record. Kaye v. Kaye, Mo. App., 327 S.W.2d 496, 1. c. 499, 500.

■ ■ The evidence was that plaintiff's income was about $350.00 per month while her estimate of expenses, including expenses for the two daughters placed in her custody, was $905.00 per month. Including as income the amount awarded as child support, and not considering the item we are now to rule; i. e. alimony pendente lite of $125.00 monthly, she will have approximately $600.00 per month for a deficit of $305.00. On the face of this evidence the trial court was justified in awarding alimony *pendente lite* as the wife is not only entitled to enough to live on but enough to live " * * * at the station in life during the pendency of the divorce action to which they have been accustomed." Kaye v. Kaye, *supra*, 1. c. 501. This being so, the decision of the trial court that plaintiff is not required to use her share of the family assets to make up this deficit cannot be held a clear abuse of discretion. The allowance of alimony was not error.

However, we deem defendant's contention that plaintiff should pay her attorney's fees and costs to require our reversal of that part of the judgment. In Engler v. Engler, Mo.App., 455 S.W.2d 36, we held that allowances for counsel fees in proceedings of this nature are to be determined by reference to the financial circumstances of both parties with the determinative inquiry being whether the wife is possessed of sufficient means on her own to prosecute the suit.

 The original award was $500.00 attorney's fees on account. The circuit court which heard plaintiff's second motion for attorney's fees, court costs and suit money on appeal awarded an additional $350.00 attorney's fees and $75.00 costs. The evidence at both hearings disclosed that the plaintiff did in fact have over $17,000.00 in savings and checking accounts although the evidence at the second hearing disclosed that some $2,000.00 of this amount had been used between the first and second hearings. When the amounts awarded as alimony and child support pendente lite are included in plaintiff's monthly income and deleted from defendant's income, it is obvious that, pending this action, plaintiff has a far greater monthly income than does defendant; to wit: $725.00 as opposed to $205.00. In addition, she has $15,000.00 available in a savings account. In view of this evidence we are compelled to conclude that the plaintiff had ample means to prosecute her suit and defend the appeal and both trial courts erred in making the awards.

The judgment of the circuit court on plaintiff's motion for attorney's fees and costs on appeal is reversed. The judgment of the circuit court on plaintiff's motion for alimony *pendente lite* and child support is affirmed and that portion of the judgment awarding plaintiff attorney's fees is reversed.

WEIER, CLEMENS, and KELLY, JJ., concur.