SIMPSON, Appellant, v. SIMPSON, Respondent.

1. Where the separation of a wife from her husband is with the consent of the latter, he is not entitled to a divorce on the ground of desertion and absence on the part of the wife.
2. Where a husband, without a good cause, abandons his wife and refuses and neglects to maintain and provide for her, an annual allowance may be decreed in favor of the wife and children.

*Appeal from St. Charles Circuit Court.*

This was an action for a divorce by John Simpson against Jane Simpson. The court refused to grant the divorce. It

made a decree granting to the defendant an allowance of two hundred dollars per year out of the estate of the plaintiff, and allowing the defendant to "act for herself and receive and hold in her own right her wages and earnings without interference or control of said plaintiff."

*H. C. Lackland*, for appellant.

I. Plaintiff was not bound to support defendant. Defendant alleged in her answer that plaintiff consented to the separation. The court erred in finding the issues for defendant and in decreeing alimony to defendant. Defendant did not make out a case of abandonment, accompanied by a refusal to provide for her. She repeatedly declared that she never would live with him. The amount is unreasonable and oppressive. The evidence does not show that he had any property, or that he ever received more than one dollar and fifty cents per day. The decree goes beyond the statute in permitting defendant to act for herself. The statute gives no such authority as this. The court below erred in not granting a new trial.

*E. A. Lewis*, for respondent.

I. There was no error in excluding testimony or in giving or refusing instructions. There was no evidence to show that plaintiff ever requested defendant to return to him, or that she ever refused to do so. There was no error in decreeing alimony. (R. C. 1855, p. 665, § 11.) There were no grounds for a new trial.

NAPTON, Judge, delivered the opinion of the court.

This is a proceeding by the husband to procure a divorce on the ground that his wife has absented herself, without a reasonable cause, for two years and more.

It appears that the parties were married in 1840 in the city of New York, where they continued to reside for about ten years, during which time there were three children born of the marriage; that in 1850 they removed to Binghampton, a

town in the interior of that state; that in 1852 the defendant returned to the city of New York with her children and has resided there in her mother's house, until her recent removal to this state for the purpose of defending this suit. It does not appear very clearly whether the move to New York was designed as a temporary visit, or was intended to be a permanent separation; but it is quite apparent that, upon either supposition, it was made and continued with the consent of the plaintiff. There was, therefore, no ground for a divorce.

There is no evidence of any serious disagreement between the parties whilst they lived together, except what is to be inferred from the mere fact of separation. There was, however, abundant evidence to show that the defendant and her children were in very destitute circumstances, and received no assistance or support from the plaintiff. The circuit court, therefore, under the eleventh section of the act concerning divorce and alimony, decreed an annual allowance for the wife and children.

Judgment affirmed. The other judges concur.