CATHARINE GILMER, Respondent, v. JAMES GILMER, Appellant.

Kansas City Court of Appeals, December 2, 1889.

**Divorce :** SEPARATION BY COMMON CONSENT, NO GROUND FOR. Neither husband nor wife can make a separation, which was begun and prolonged by their common act and consent, and which neither has ever made an effort to terminate, a ground of complaint for divorce from the other.

*Appeal from the Saline· Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED, (*with instructions to dismiss*).

*Samuel Boyd*, for the appellant.

(1)   The petition does not state facts sufficient to show that the circuit court of Saline county had jurisdiction to hear and determine this suit, in that it does

not state that plaintiff was a resident of the county of Saline at the time of the institution of this suit, nor does the whole record show that fact. It being a jurisdictional fact, its averment and proof was necessary. *Cole v. Cole*, 3 Mo. App. 571; *Pate v. Pate*, 6 Mo. App. 50; *Gist v. Loring*, 60 Mo. 487; *Coyle v. Railroad*, 27 Mo. App. 591; *Pier v. Heinrichoffer*, 52 Mo. 333; *Scott v. Robards*, 67 Mo. 289. The case of *Werz v. Werz*, 11 Mo. App. 26, is not in point. (2) No decree for divorce should have been granted in this case. On the whole evidence, the separation seems to have been by mutual consent, no effort at reconciliation seems to have been made by either. And under such circumstances, both parties being in fault, no divorce should have been granted, especially not to plaintiff, as. it was clearly her duty to have gone with her husband. He had a home, and was able and willing to take care of her. *Hoffman v. Hoffman*, 43 Mo. 547; *Simpson v. Simpson*, 31 Mo. 24; *Dwyer v. Dwyer*, 16 Mo. App. 432; *Simpkins v. Simpkins*, 22 Mo. App. 26.

*Yerby & Vance*, for the respondent.

(1) Petition states that plaintiff resided one whole year next before filing her petition in the state of Missouri. (2) The Revised Statutes of Missouri, 1879, provides, page 360, in section 2175, latter part, that the proceedings shall be had in the county where the plaintiff resides, fixing the venue, as it is fixed in practice, section 3481 in other actions, and it is never stated in the petition that defendant resides in the county where suit is brought, or defendant is found in county where plaintiff resides. See *Werz v. Werz*, 11 Mo. App. 26, and authorities there referred to; but if the court should hold that it is a jurisdictional fact that must be averred and proved, then it is cured by eighth clause of section 3582 of the Revised Statutes of 1879, page 612. *Pate v.*

*Pate*, 6 Mo. App. 50. The venue is laid in Saline county, Missouri. Petition states they were married in Saline county, Missouri, that she lived with defendant until twenty-sixth of November, 1887; it is in proof that they lived in Marshall, and the court will take judicial notice that Marshall is in Saline county, Missouri. Greenleaf on Evidence [3 Ed.] pp. 63 and 64, secs. 5 and 6; *Bowie v. Kansas City*, 51 Mo. 454; *Woods v. Henry*, 55 Mo. 560; *Hicks v. Ellis*, 65 Mo. 176, particularly on page 183.

GILL, J.—This is an action brought by the plaintiff wife against the defendant husband for a divorce, on the statutory ground that the defendant had absented himself without reasonable cause for the space of one year. Defendant denied the alleged abandonment, and set up by way of cross-action that the plaintiff had without cause deserted the defendant. On the trial had in the circuit court a divorce, with alimony, was decreed plaintiff, and defendant has appealed to this court. These parties were joined in marriage in November, 1886, and separated in October, 1887. When married defendant was a widower with four children residing on his farm some six miles from Marshall, Missouri and plaintiff resided and owned some real estate at Marshall. It seems that during a short time after the marriage, husband and wife lived together at Marshall in the wife's house—then moved to defendant's farm—then back to Marshall in the spring of 1887, where they continued to reside till in the following October, when defendant took his children and returned to the country, the wife remaining at Marshall. Since that time the parties have not lived together as husband and wife.

The facts of this case, as detailed in the evidence, do not warrant the judgment for divorce, rendered by the circuit court. It is quite clear, from a review of the testimony, that the separation in October, 1887, and the continuance thereof, was by common consent of both

husband and wife. The wife did not get along amicably with the husband's children by a former marriage, and about the date of separation she expressed a desire that husband and children should leave. Thereupon the husband did go with his children to the country. The wife well knew of the preparation by the husband to return to the country, and she silently, and as the proofs show, *cheerfully*, acquiesced. The wife had, on different occasions, declared that she would not again live in the country, on the defendant husband's farm. There were no matters of serious trouble between the two, except that the wife preferred living in town, while the husband chose to reside on his farm in the country. This, with the misunderstanding in relation to the children, appears the only cause for estrangement and separation. There was never, at any time, any effort by either party at conciliation, never any *desire* even expressed that the one or the other should return.

The wife cannot thus make a separation, which was begun and prolonged by her own act and consent, and which she has never made an effort to terminate, a ground of complaint for a divorce from her husband. She is not the "injured party" within the meaning of the law. *Simpson v. Simpson*, 31 Mo. 24; *Dwyer v. Dwyer*, 16 Mo. App. 422. What is here said as to the pretended cause for divorce on the part of the plaintiff applies equally to the defendant's cross-action. His wife was absent by his consent, and he has therefore no legal cause for divorce.

The judgment, therefore, will be reversed and remanded, with instructions to the circuit court to dismiss both the petition and the cross-bill. All concur.