FRANCIS L. FLANDERS, Appellant, v. E. A. GREEN, Respondent.

Kansas City Court of Appeals, May 30, 1892.

Practice, Appellate: EVIDENCE: APPARENT INJUSTICE: VERDICT. Where the verdict is without evidence to support it and apparent injustice is shown by the record, the appellate court will reverse the judgment and remand the cause.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Samuel Foster* and *Kenneth McC. De Wesse,* for appellant.

No brief for respondent.

GILL, J.—As the holder of a chattel mortgage with condition broken (that is, non-payment of the debt) plaintiff Flanders brought this action of replevin for the recovery of several mules, wagons, harness, etc. The defendant Green, in his answer, admitted the execution of the mortgage, but alleged the same to have been obtained by false and fraudulent representations of the plaintiff, and that there was no consideration to support said mortgage.

The issues were tried by jury, who returned a verdict for the plaintiff for the recovery of one mule only, valued at $100, but the remainder of the mortgaged property was awarded to the defendant Green, the value of which was assessed at $400. From a judgment thereon the plaintiff appealed.

We are unable to discover any theory upon which this verdict and judgment can be allowed to stand. It would seem that, if plaintiff is entitled to any portion of the mortgaged property he was entitled to the possession of the whole thereof. His mortgage was either valid or void as to the whole of the property.

The testimony discloses about this state of facts, related, too, most strongly for defendant Green: During the winter of 1887–8, Green left Kansas City and intrusted his teams, wagons, etc., with his kinsman, Parsons. Green says Parsons was to keep and use them for the winter, and to make anything he could out of them, but that he, Parsons, had no right to dispose of any of them. Parsons swears that he was authorized to do as he pleased with the stock—even to sell them if he desired. In January, 1888, during Green's absence, Parsons bought another pair of mules for $200, and borrowed the money from plaintiff Flanders, giving his note and mortgage which covered not only the mules then bought, but including as well all the other stock, wagons, etc., which had been left by Green in Parsons' possession. In May following, Green returned to Kansas City and resumed possession of the stock left with Parsons, together with the two mules bought with the money borrowed from Flanders, and Parsons testified that he, Green, agreed to take care of the Flanders mortgage. At all events, in September, Flanders urging payment of his note and mortgage, Green consented to and did make to Flanders a second mortgage covering the property here in dispute to secure the

money borrowed by Parsons, with the understanding, as he, Green, swears, that Flanders would indulge him a while longer. And there was an indulgence until December, 1890, when Flanders, still failing to get his money thus loaned, brought this action against Green to possess himself of the property mortgaged by said Green to pay the Parsons loan.

Now, that there was ample consideration for Green's mortgage to Flanders, is too plain for argument; nor is there a *scintilla* of evidence in this record tending to prove that said mortgage was obtained by Flanders through or by means of any "false and fraudulent representations," as in general terms alleged in answer. It was error then to submit to the jury any such defenses.

Apparent injustice is shown by this record, and the judgment of the circuit court will be reversed, and the cause remanded for a new trial. All concur.