JAMES H. RODGERS, Respondent, v. CAROLINE
RODGERS, Appellant.

**St. Louis Court of Appeals, April 10, 1900.**

Divorce: COLLUSION: DESERTION. Plaintiff can not consent to a
separation, wait a year, and then obtain a divorce on the ground of
desertion.

Appeal from the Montgomery Circuit Court.—*Hon. Elliott
M. Hughes*, Judge.

REVERSED.

*J. D. Barnett* for appellant.

(1) The verdict or finding of the court is contrary to
the weight of the testimony. Upon the testimony as a
whole it is evident that the defendant is not a guilty party
and the plaintiff is not an injured and innocent party in the
causes which led to the separation between the plaintiff and
the defendant and in the separation itself. (2) From the
testimony as a whole, it is apparent that the plaintiff tacitly
consented to the separation; it was brought about by his own
conduct, and even if the causes which brought about his
wife's unhappiness were sufficient to justify a separation on
her part, plaintiff's conduct is not shown to have been suffi-
ciently free from proper ground of complaint to justify the
court in relieving him of the burden of the yoke he had vol-
untarily assumed. (3) Plaintiff's conduct, taken as a
whole, as shown by the entire testimony, demonstrates that
the separation was an amicable arrangement between the
plaintiff and the defendant. It was not an absence without
cause, but an absence to which plaintiff consented and of
which plaintiff approved.

*Thomas J. Powell, Claude R. Ball* for respondent.

The laws of the state of Missouri are enacted and made to be enforced as set out and stated in the statutes of the state. Among the many laws of the state we have incorporaed in the statutes of the state a law denominated and known as the divorce law; and under that law conditions are made and the grounds assigned for which persons may be divorced from the bonds of matrimony, and any of the causes assigned may enable an innocent party to be divorced from the guilty party when supported by sufficient evidence; in this case the cause and reason assigned and alleged for a divorce of the plaintiff from the defendant is one year's desertion without a reasonable cause. The evidence in the case on the trial in the trial court sustains the action of the plaintiff without any doubt. The defendant had concluded that her life had not been so happy as she wished it to be, since her marriage with plaintiff; that she would leave him and seek some other shelter among some of her relatives, which she did; and from the evidence in the case she had and owned as much or more property than the plaintiff, and that she could live and get along more pleasantly separated from the plaintiff. The plaintiff being quite an old man and hard of hearing, it was not pleasant to her to live with him longer, she being a young woman, comparatively, from appearance; she could not tell her age in her evidence in the trial of the case. There is no evidence in the trial of the case that there was much, if any, trouble existing between the plaintiff and defendant. No one ever discovered enough trouble between them, if any, to volunteer to bring about a reconciliation between them—not even the children of either one of them.

BLAND, P. J.—This suit is for divorce. The only ground relied on was desertion. The defendant filed a cross-

bill, but it was abandoned on the trial.    The court found plaintiff to be the injured and innocent party and awarded him a divorce, taxing costs against the defendant.   From this decree the defendant duly appealed.

The evidence is that at the date of the marriage (Nov. 17, 1892) the plaintiff was a widower, about 64 years of age and the father of grown up chldren, and that the defendant was a widow and the mother of grown up children by a former marriage.   On the part of plaintiff the evidence is that he treated defendant with kindness and affection; that they had no quarrels or difficulties, but that the plaintiff neglected to provide defendant with clothing; that in December, 1897, the defendant told plaintiff that she was unhappy; that she was getting nothing by living with him, and that she was going to leave; that without a word of objection or offering a single protest, at her request he hitched up his buggy and took her to her son's and left her there, and had not spoken to her since or made any effort to induce her to return.

On the part of defendant the evidence tends to prove that plaintiff was stingy and penurious, cross and crabbed toward his wife, and kept a sister-in-law of his about the premises, who was set as a spy over defendant in his absence. From the testimony of plaintiff it is apparent that he not only did not offer an objection to the separation, but that he was entirely willing that it should take place, and that after the separation he made no effort whatever to reclaim his wife.    His conduct smacks of collusion and clearly shows that the desertion was not against his will, but by his consent.    Plaintiff could not consent to the separation, wait a year, and then obtain a divorce on the ground of desertion. Davis v. Davis, 60 Mo. App. 545; Droege v. Droege, 55 Mo. App. 481; Simpson v. Simpson, 31 Mo. 24; Scott v. Scott, 44 Mo. App. 600.    The evidence is wholly insufficient to

support the decree of the circuit court, wherefore the judgment is reversed and plaintiff's bill is dismissed at his costs. Judge *Bond* concurs; Judge *Biggs* absent.