JOSEPH BOOS, Respondent, v. JULIA BOOS, Appellant.

St. Louis Court of Appeals, April 23, 1901.

Divorce: DESERTION: EVIDENCE OF DESERTION NOT SUFFI-
CIENT. Separation and absence, however, prolonged, either consented to by the party seeking the divorce or connived at by him, does not constitute desertion. There is nothing in this case that proves that the separation was against the will and wish of the plaintiff, or that he was ever desirous that it should cease.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED.

*John A. Hope* for appellant.

(1) Divorce actions, like all others tried by the court without a jury, are reviewable on the weight of the evidence and triable *de novo* in the appellate court. Griesedieck v. Griesedieck, 56 Mo. App. 94. (2) The ground for divorce was desertion, to constitute which it was necessary for defendant to prove cessation from cohabitation; her intention not to resume cohabitation; that he did not consent to the separation; and to authorize divorce that such desertion began and continued at least a year prior to beginning his suit. State v. Weber, 48

Mo. App. 504. (3) He filed petition and begun his suit July 14, 1900; according to his own testimony she left on the visit to Oregon the first Tuesday after July 4, 1899. Will it be said that the elements of desertion existed at the time of the separation at Station 76, when the admitted facts are that the separation was friendly, even with an affectionate kiss, and that she was merely starting to visit relatives in Oregon? Was she deserting him when she wrote the letter from St. Louis? Does the letter of August 4, 1899, read like the essential elements of desertion had yet entered into her Oregon visit? Are not these letters just such as any true, faithful wife, with no thought of desertion, would write her husband when away? Is it a crime for a wife and mother to visit her own son, even in Oregon?

*Edw. D. Hays* and *W. J. Roberts* for respondent.

(1) There was a permanent change of domicile of the wife and this is a desertion. Descholdt v. Descholdt, 59 Mo. App. 102; Hoffman v. Hoffman, 43 Mo. 547; Kaster v. Kaster, 43 Mo. App. 115; Owen v. Owen, 48 Mo. App. 208.

GOODE, J.—Plaintiff sued the defendant for a divorce on the ground that she had absented herself from him for one year without reasonable cause. The plaintiff's own evidence establishes that his wife desired to visit some relatives in Pendleton, Oregon. It appears she had a son living there and a brother-in-law. This visit was agreeable to the plaintiff, so on the fourth day of July, 1899, he drove his wife to a landing on the Mississippi river, where she took a steamboat to St. Louis. Their parting was friendly, even affectionate, and with no expectation on the part of either, apparently, that it was to be final. She remained in St. Louis with friends until the twenty-eighth day of July, when she departed for Oregon. While in

St. Louis she wrote a cordial letter to her husband.    She sub-
sequently wrote him on August 4, from Oregon, telling him in
a pleasant way of her meeting with her relatives and her ex-
periences there and on the trip.    She wrote a second letter, the
date of which is not given, from which we gather that the plain-
tiff had threatened to procure a divorce.    In it she said that she
would not make him any trouble, but death would be the only
divorce for her and that she would not want any other man if
he possessed the entire world.    She also wondered whether he
had prospects of marrying again.    The letters were written in
German and indicate that the defendant is a simple-hearted and
uneducated woman.    Plaintiff's petition was filed on July 14,
1900; that is, one year and ten days after the defendant had
left Perry county, but fourteen days less than a year after she
had left St. Louis.

We can not support this judgment.    It is impossible to
conclude from reading the evidence that the defendant had the
purpose of desertion in her heart when she left home or even
when she arrived in Oregon.    In fact, the tone of the corres-
pondence, her conduct and her behavior when they parted, are
convincing that she never has abandoned him.    But by the
most favorable construction for him that can be put on her
actions, we are unable to find the slightest proof that a desertion
had taken place one year before the suit was begun; for it was
certainly understood and agreed to by the defendant that she
should make a visit of considerable length, while to make up
the statutory year the entire period of her absence must be
counted against her, which would clearly be unjust.    The plain-
tiff evidently had a divorce in his mind for some purpose, lauda-
ble or base, sometime before he began this action.    One letter
written to him by his wife from Oregon shows that he had
broached the matter to her.    In this class of cases we may re-
view and weigh the testimony.    Griesedieck v. Griesedieck, 56

Mo. App. 94. There is no substantial evidence to support the allegation of desertion and hence the plaintiff's cause of action fails. Flanders v. Green, 50 Mo. App. 371. The trip to Oregon was undertaken with the plaintiff's consent. Just why the defendant failed to return before the suit was begun does not appear clearly, but there is a hint that her sojourn was prolonged on account of lack of means with which to come back, and she seems to have lacked means to make a defense to this action. At all events the record is utterly barren of proof that she has deserted or ever thought of deserting her husband. Neither is there evidence that he endeavored to have her return to him. Separation and absence, however prolonged, either consented to by the party seeking the divorce or connived at by him, does not constitute desertion. Simpson v. Simpson, 31 Mo. 24; Droege v. Droege, 55 Mo. App. 481; Davis v. Davis, 60 Mo. App. 545. To permit a divorce on such slight ground as the plaintiff brought forward would be to treat the solemn obligation of marriage too lightly. As was said in a similar case, "There is nothing to satisfy us that the separation was against the will and wish of the plaintiff or that he was ever desirous that it should cease." Scott v. Scott, 44 Mo. App. 600. When the statutory year had arrived, as he believed, his petition was all too promptly lodged; as though he had been waiting for the opportune moment. To which may be added, that we are thoroughly satisfied the defendant had in no respect broken her conjugal vows nor given to plaintiff cause to complain.

The judgment is reversed. All concur.