ALMA BRINKER, Respondent, v. FREDERICK J. BRINKER, Appellant, No. 41445—227 S. W. (2d) 724.

Division One, March 13, 1950.

*Jesse E. Bishop* for appellant.

*Abeken & Bergmann* by *Rodowe H. Abeken* for respondent; *David K. Breed* of counsel.

VAN OSDOL, C.—Appeal from a decree of divorce granted on the alleged and shown fault of the husband, defendant-appellant. The trial court awarded the wife, plaintiff-respondent, $8000 alimony in gross, and $1900 "additional attorney's fees."

Herein, defendant-appellant does not complain of the decree dissolving the marriage relation, but contends the trial court's awards (1) of alimony in gross and (2) of attorney fees were manifestly abuses of the trial court's discretion.

Plaintiff wife's petition for divorce alleged defendant husband's quarrelsome disposition; his cursing, his assaults, and his threats upon her life; his frequent absences from home, and his return

to the home in an intoxicated condition; his cold indifference to her; and his marital infidelity. These charges were sustained by proof. Although defendant had filed answer and cross bill alleging the serious misconduct of plaintiff, yet, at the conclusion of plaintiff's evidence, defendant withdrew his cross bill and introduced no testimony tending to refute plaintiff's allegations and proof.

In support of his contention (1) that the award of alimony in gross in the amount of $8000 was an abuse of the trial court's discretion, defendant-appellant cites Blair v. Blair, 131 Mo. App. 571, 110 S. W. 652; Gercke v. Gercke, 100 Mo. 237, 13 S. W. 400; Patterson v. Patterson, Mo. App., 215 S. W. 2d 761; and Stokes v. Stokes, Mo. App., 222 S. W. 2d 108.

In the case of Blair v. Blair, supra, while the weight of the evidence warranted the trial court's decree granting the plaintiff wife a divorce, it seems there was much in the record which tended to explain or palliate most of the husband's graver offenses. The defendant husband had invested $7000, if not more, in real property the title to which was in the name of the plaintiff wife who also had some personalty and a little money. The defendant husband had possessions of the estimated value of $5760. He was utterly broken in health and manifestly near the end of his earning capacity. This court reduced the award of alimony in gross of $2200 to $1000. In the case of Gercke v. Gercke, supra, this court properly held that an award of alimony in gross in the sum of $6000 was not manifestly an abuse of the trial court's discretion in the shown circumstances of the case. And the same may be said of the ruling of the Springfield Court of Appeals relating to the award of $4000 alimony in gross in the case of Patterson v. Patterson, supra. In Stokes v. Stokes, supra, the plaintiff wife was a trained laboratory technician, capable of earning $275 per month, who had been married to defendant for but three years. Defendant had a fair income and considerable means. He had accumulated his property prior to the marriage. The award of $3250 alimony in gross was held not so inadequate, in the circumstances, as to be considered a manifest abuse of the trial court's discretion. Even so, the question of the abuse of the trial court's discretion on the asserted ground of inadequacy of the award, in the circumstances, was not one upon which all of the members of the reviewing court could agree.

It would seem impossible to specify the various factors to be considered in determining the amount of permanent alimony to be awarded an innocent and injured wife in all cases. The cases cited by defendant-appellant illustrate how the varying circumstances of various cases are taken into account in determining the amount of an alimony judgment. These cases illustrate and support the rule that the allowance of permanent alimony is a matter of sound judicial discretion to be exercised with reference to established prin-

ciples and upon a view of all the circumstances of each particular case, such as the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties. See Viertel v. Viertel, 212 Mo. 562, 111 S. W. 579; Phillips v. Phillips, Mo. App., 219 S. W. 2d 249; Knebel v. Knebel, Mo. App., 189 S. W. 2d 464. An order for alimony is not mandatory—it may be granted or refused, according to the particular facts of each case. Smith v. Smith, 350 Mo. 104, 164 S. W. 2d 921; Knebel v. Knebel, supra; Section 1519 R. S. 1939, Mo. R. S. A. § 1519.

In the case at bar, plaintiff introduced evidence tending to show the parties were married in St. Charles December 29, 1920, and separated March 2, 1948. No children were born to the marriage. When the parties were married they were both working. Defendant husband was an employee of the National Lead Company; and continued in such employment until retired in recent years, we infer. He was retired on a pension of $80.60 per month. Plaintiff wife, for the first five years after the marriage, continued her employment giving to her husband her entire earnings which were deposited by him to his own account. (The amount of the earnings of the wife was not shown.) Thereafter, plaintiff, a faithful wife, continued to attend to the many household duties quite as a good housewife does.

During the marriage three parcels of real property had been bought—one, a six-room residence used by the parties as their home, was acquired in 1933 and is clear of encumbrance; one, a four-family apartment building, producing a gross rental income of $140 per month, was acquired in 1939 or 1940, and is free of encumbrance; and one, a 21-unit apartment building, producing a gross rental income of about $1100 per month, was acquired in 1946, and is subject to the lien of a deed of trust securing the payment of $38,500. The titles to these three properties were vested in the parties, husband and wife, by the entirety. (The decree of divorce destroyed the estate by the entirety and the properties became vested in the parties as tenants in common. Hiatt v. Hiatt, Mo. Sup., 168 S. W. 2d 1087.) In their briefs, counsel for the parties have virtually agreed the reasonable market value of the properties is $116,000, making the net reasonable market value of the three properties about $77,500 after deducting an amount equal to the $38,500 encumbrance on the larger apartment building. Defendant husband has a small number of shares of corporate stock, yielding annual dividends totaling $36, and an automobile of no great value. The husband had, until the separation, collected all the rental income and paid the taxes and expense on the rental properties.

The record does not disclose the ages of the parties.

Respondent wife is in bad health. She had been under the care of a physician who, for four years, has advised a major operation. She cannot work. During her marriage and until the separation she had

no income from any source other than the allowance of $15 per week made by the husband for "all of my personal things," including clothing. The state of the husband's health was not shown.

"The marriage contract obligates the husband to support his wife as long as they shall live. But absolute divorce completely dissolves this contract. It converts the status of the parties from coverture to that of single persons. The parties are released from the mutual obligations ▮▮▮ imposed by marriage. But in the interest of social welfare and justice the law has created a purely statutory liability incidental to divorce. Such is the alimony of today. When a divorce is decreed because of the husband's fault the statutes authorize the court to impose liability on the husband, if it would be reasonable to do so, for the future maintenance of the wife. This court has said an allowance of alimony is in the nature of an award for damages because of the husband's breach of the marriage contract . . . ." Smith v. Smith, supra; Knebel v. Knebel, supra.

Considering all of the circumstances shown in evidence, we believe it should not be held the trial court abused its discretion in awarding alimony in gross, $8000.

As stated, the wife was granted a divorce upon evidence supporting her charge of the husband's serious fault. She is the innocent and injured party. Her physical condition is not such as would permit her to earn her livelihood in employment. Although she had been employed until five years after her marriage, it would seem that after the twenty-eight years of marriage she is now of an age which would disqualify her from being readily accepted by all employers, even if she were not in ill health. Since the dissolution of the marital relation, she no longer has the right to rely upon her former husband for support. And, because of the divorce decree, the wife has lost her wifely prospect of sharing the parties' security in some degree formerly assured by the husband's retirement pension. It is true the wife now has an undivided moiety as a tenant in common in the acquired real properties formerly owned by the parties as tenants by the entirety. She had given over all of her earnings to her husband during the first years of the marriage, and apparently she did not and could not make any cash contribution to the purchase of the properties. The properties, however, were accumulated during the marriage and were vested in the parties by the entirety. As a faithful wife whose housewifely duties were well done, she must have very substantially contributed to the material success of the parties' joint lives. And being obliged, because of the husband's infringement on her marital rights and his breach of the marriage contract, to resort to divorce, she has lost the right of possible survivorship and consequent absolute ownership of the whole of the property.

▮▮ (2) When a wife institutes an action of divorce and is without means to employ counsel, she is entitled to a reasonable allowance

for attorney fees. Section 1519, supra, provides, "the court may decree alimony pending the suit for divorce in all cases where the same would be just," that is, where the wife is without means to prosecute the action and of necessity relies upon the husband to furnish the means. Arnold v. Arnold, Mo. Sup., 222 S. W. 996. The amount of the allowance should be sufficient to prosecute the action, in an efficient manner, to a final hearing. Due regard should always be had to the character of the case, the legal services necessarily to be performed and the expense to be incurred, and such other circumstances which may tend to lessen or increase the expense of the litigation. Other than to ascertain if the action has been instituted in good faith, the court does not consider the merits of the case. Arnold v. Arnold, supra; State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S. W. 342; Burtrum v. Burtrum, Mo. App., 210 S. W. 2d 364; 17 Am. Jur., Divorce and Separation, § 564, pp. 448-449.

(After the filing of her petition, the trial court had awarded plaintiff temporary alimony of $175 per month and $100 attorney fees. The trial court also awarded $750 attorney fees and $175 per month alimony pending the instant appeal. Defendant has perfected no appeal from these orders.)

We readily infer the wife was without any funds of her own which she could use to prepare for trial and to try her case. It is true that, prior to the decree of divorce, she and her husband were seized of an estate by the entirety in valuable real property; but she, acting independently ▇ of her husband, could not then exploit by sale or encumbrance the property so possessed by them (Stewart v. Shelton, 356 Mo. 258, 201 S. W. 2d 395); and we have observed that the husband had collected rentals and disbursed the monies in his own account. Plaintiff had no separate estate which she could sell or impress with a lien, and no money she could use to the purpose of efficiently prosecuting her action, as did the plaintiffs in the cases of Arnold v. Arnold, supra; and Rutledge v. Rutledge, 117 Mo. App. 469, 119 S. W. 489, cited by defendant-appellant. We believe, a plaintiff in the shown circumstances of the instant action was entitled to a reasonable allowance to prosecute her case. The record does not disclose any showing of the time required, and of the kind and extent of the services of plaintiff's counsel in preparing to sustain the allegations on the petition and in preparing to refute the allegations of defendant's cross bill. The record encompasses the testimony of the trial (proper) of the action for divorce in a transcription of seventeen typewritten pages; and plaintiff testified she had been down to her counsel's office "quite a number of times"—this, even when considered in connection with the evidence relating to the financial condition of defendant, is indeed a meager showing upon which to determine if the trial court's award of a sum of $1900 in attorney fees (additional to a former award of $100) was in the proper exercise

of discretion. It may well be that the preparation of plaintiff's case called for pre-trial conferences, for the taking of depositions, and for the interviewing of numerous witnesses; if so, and if the evidence of such services were shown in the record, we would be in a better position to determine the propriety of the trial court's action in awarding additional fees. We are not in the situation as was the appellate court in the case of Burtrum v. Burtrum, supra, cited and relied upon by both appellant and respondent. In that case the reviewing court was able to say the award of $1900 for "additional" attorney fees was "moderate in amount and conservative," but the transcript showed the large number of depositions used in the five-day trial of the bitterly contested case. Depositions had been taken in two distant states, and the plaintiff showed that all of the preliminary allowances of suit money and attorney fees (save $100) had been expended in taking depositions. In that case all of the facts relating to legal services rendered in behalf of the plaintiff were before the trial court, and consequently before the reviewing court.

In the instant case we can infer plaintiff was prepared to sustain her case and to refute the serious charges of defendant's cross bill, since we observe the cross bill was withdrawn only at the conclusion of plaintiff's evidence. We know such preparation entailed careful and active services of counsel. When asking for additional attorney fees, however, if plaintiff desired the court to fully consider fees and expenses in making the allowance, it was incumbent upon her to show the extent of the necessary services rendered or to be rendered by her counsel, and the expenses incident thereto, so that the trial court could make an award, at least in part, based on evidence of such services and expense, and so the appellate court could examine such evidence, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary action.

Taking into consideration the character of the case and all of the circumstances bearing on the issue (2); and, making ample allowance for the trial court's discretionary action upon such evidence as is shown in the record, we are of the opinion the award of "additional" attorney fees was excessive in the amount of $750. The decree should be modified accordingly, and the decree should be otherwise affirmed.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.