Virginia Sue GREGG, Respondent,

v.

David McMurtie GREGG, Appellant.

No. 22029.

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1954.

Richard K. Phelps, Independence, for appellant.

Terrell & Taylor, Charles W. Hess, Guy A. Magruder, Jr., Kansas City, for respondent.

PER CURIAM.

This is an appeal from a judgment allowing the wife, plaintiff in a divorce proceeding, temporary alimony and attorneys' fees.

Plaintiff filed a petition for divorce alleging certain statutory grounds therefor; the husband filed an answer denying the alleged grounds of divorce and joined therewith a cross petition for divorce; thereafter, plaintiff filed a motion for allowances pendente lite on the ground that she was without sufficient funds to adequately support herself and pay attorneys' fees and expenses of prosecuting her suit for divorce and defending against defendant's cross petition. Evidence was heard on the motion and the court allowed plaintiff $200 a month temporary alimony and $500 attorneys' fees.

The husband appeals from that judgment and contends that the court erred in two particulars: (a) that plaintiff failed to show prima facie that she is the injured and innocent party; and (b) that the court abused its discretion in making such allowances because the evidence shows that she has ample funds of her own to prosecute the action.

There is no merit in defendant's first contention. In considering a motion for allowances pendente lite the court does not inquire into the merits of the case. In Brinker v. Brinker, 360 Mo. 212, 227 S.W. 2d 724, 727, the court said: "Other than to ascertain if the action has been instituted in good faith, the court does not consider the merits of the case." Citing authorities. In Burtrum v. Burtrum, 200 S.W.2d 80, this court held that the wife, whether guilty or innocent, has the right to prosecute or defend an action for divorce, and that the husband must furnish the means of attack or defense if she is without adequate means of her own. There are many other cases to the same effect.

Defendant relies on Hill v. Hill, Mo. App., 236 S.W.2d 394. The question there was whether or not the wife had shown prima facie that the parties were married, or were still husband and wife, in view of a divorce decree which the husband alleged had been granted him in another state. It is doubtless correct that there must be a prima facie showing of the existence of the marriage and the pendency of an action for divorce, since those are jurisdictional prerequisites to the pendente lite award. The pleadings in the instant case make it unnecessary to introduce evidence on such issues, they are conceded.

■ The second assignment gives us greater concern. It is well-settled law in this state that temporary allowances to the wife in a divorce proceeding are largely within the discretion of the trial judge, and that his discretion will not be interfered with unless it has been manifestly abused. Summers v. Summers, Mo.App., 222 S.W.2d 514; Padgett v. Padgett, Mo. App., 231 S.W.2d 207; Sellers v. Sellers, Mo.App., 183 S.W.2d 860; Robertson v. Robertson, 137 Mo.App. 93, 119 S.W. 533.

The only evidence heard on the motion for temporary allowances was given by the wife. She testified that her husband was about 70 years of age and she was 36; that they were married in April, 1951; that she filed a petition for divorce January 27, 1953; that her husband's first wife had been dead about one year when they were married. Concerning their property holdings, she testified that her husband owned two buildings in Carthage, Missouri, of the reasonable value of $95,000, and that he received as rent therefrom between $1,000 and $1,200 per month; that he had sold a farm and a large number of cattle, during their marriage, for $192,000; and that he owned 80 acres of land located near the country club section of Joplin, Missouri, on which she did not place a value.

Concerning her property, she testified that at the time of the marriage she owned a house at 6042 Brookside, in Kansas City, Missouri, which she later sold and purchased real estate located on U. S. Highway 71 in Jackson County, which she valued at $23,500; and from which she receives a monthly rental of $150; that she owns 100 shares of stock in the Employers Reassurance Company valued at $4,000; that she owns a Cadillac automobile and that while she and her husband were living together she had sold a Lincoln automobile for $2,000; what became of that money is not disclosed by the record. Thus she owns real estate valued at $23,500, from which she receives $150 per month; $4,000 in corporate stock; and a Cadillac automobile, value not disclosed. There is evidence that, before the separation, she had purchased substantial wearing apparel, including a fur coat, which she had charged to her husband. There is also some evidence on the issue of who is the innocent and injured party, but we are not concerned with that question at this time, and need not detail such testimony.

Prior to the adoption of our Married Woman's Act, V.A.M.S. § 451.250 et seq., the right of the wife to alimony *pendente lite* was absolute, and it was allowed as a matter of course. Since that time the right of the wife to allowances pendente lite depends upon the necessities and what is just under the facts of each case. It is a question of fact for the court, not to say she has means, but whether they are sufficient for the purpose. Robertson v. Robertson, supra.

The undisputed evidence is that the husband has contributed nothing to her support since the separation and that her only income is $150 a month from the real estate she owns. The court could properly find, under the evidence, that this amount was insufficient to maintain her on the standard of living which her husband provided during their marriage and to provide sufficient funds for prosecution of the divorce action. Consequently, should she be compelled to mortgage or sell property which she had acquired before the marriage in order to live during the pendency of the suit and to provide funds to prosecute the same? In the Robertson case, supra, we said, 137 Mo.App. 96, 119 S.W. 534: "We believe she (wife) ought not to

be required to dispose of all her available personal property for the temporary purpose in view." In that case the husband had given her a house valued at $35,000 and personal property valued at $1,350, and they had lived together less than six months.

■ A reading of all the many cases on this subject leads to the one question, did the trial court abuse its discretion in making the allowances? We think not. The husband is worth approximately $300,-000. The wife has an income, from her property, of $150 a month. It would seem only fair and just that the husband be required to pay the allowances, which we consider reasonable, until the case is disposed of on the merits.

The judgment is affirmed.

All concur.