Terry Burnet, Wayne B. Wright, McDonald, Wright & Bryan, St. Louis, for respondent-appellant.

### In re the MARRIAGE OF Theodore Robert LEONARD, Petitioner-Respondent,

### and

### Bobby June Leonard, Respondent-Appellant.

### Nos. 9993, 10054.

Missouri Court of Appeals, Springfield District.

June 28, 1976.

**PER CURIAM:**

These two appeals arise from a dissolution of marriage proceeding. In appeal No. 9993 the wife-appellant contends the amount of monthly maintenance awarded to her is inadequate. In appeal No. 10054 the wife-appellant has appealed from the trial court's denial of her post-trial motion for attorney fees and expenses of prosecuting appeal No. 9993. We affirm the judgment in No. 9993 and reverse and remand with directions in No. 10054.

In attacking the award of monthly maintenance the wife-appellant asserts that the trial court based the sum on speculation as to her future earnings and not on the condition of the parties at the time of the hearing.

We have reviewed the transcript and conclude that the $200 monthly maintenance award to wife-appellant is supported by substantial evidence and no error of law

appears. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). A detailed opinion in appeal No. 9993 would have no precedential value and the judgment therein is affirmed pursuant to Rule 84.16(b).

At the time of the post-trial hearing on wife-appellant's motion for attorney fees and expenses to prosecute her appeal in No. 9993, wife-appellant was earning only $27.75 weekly. Although she was receiving the $200 monthly maintenance award and $125 monthly for the support of the parties 15-year-old daughter, wife-appellant had been evicted from her former apartment for nonpayment of rent and had been forced to drastically reduce her former standard of living, including living in a much cheaper apartment. She had borrowed money from two emancipated children and made application for food stamps for herself and her daughter. Wife-appellant's attorney estimated the total cost of the appeal would be $1,125. This sum included the appeal docket fee, cost of the trial transcript, cost of printing briefs, and thirty-five hours of legal services.

Husband-respondent did not offer any evidence at the hearing but referred the court to the trial evidence of the parties' finances. The trial transcript discloses husband-respondent was earning a net income of $1020–$1050 monthly.

In *Roberts v. Roberts*, 450 S.W.2d 469 (Mo.App.1970), the court said at 473:

"The cases are uniform in holding that (contrary to older statute) the wife does not have an absolute right for temporary allowance, suit money and attorney fees pending a suit for divorce or an appeal therefrom, but that the awarding of such temporary allowance must depend upon the financial necessities of the wife and the financial abilities of the husband to pay. *Noll v. Noll*, Mo.App., 286 S.W.2d 58. The wife should not be compelled to strip herself of all property in order to prosecute or defend the suit for divorce or an appeal from the judgment rendered therein. *Gregg v. Gregg,* Mo.App., 272 S.W.2d 855."

"As to matters of allowances pending appeal, it has been said that unless the appeal is clearly without merit, the wife should not be denied the means to prosecute her appeal on the ground that the trial court found against her on the trial of the divorce case itself. *Price v. Price,* Mo.App., 281 S.W.2d 307."

We cannot label wife-appellant's appeal in No. 9993 from the maintenance award as "clearly without merit." And, "while the husband is far from rich . . . as between the two parties, he can better afford to bear the extraordinary expense of the appeal than his wife." *Roberts v. Roberts,* supra, at 474.

We hold, therefore, that the trial court did abuse its discretion in denying wife-appellant's motion. Further, since the record demonstrates the approximations of the expenses of prosecuting the appeal were reasonable [*Roberts v. Roberts,* supra; *Anderson v. Anderson,* 437 S.W.2d 704 (Mo.App.1969)] we reverse the judgment in appeal No. 10054 and remand the cause with directions to enter judgment that husband-respondent pay wife-appellant $1,125 for her appeal expenses.

All concur.